**WELLS FARGO BANK & UNION TRUST CO. et al. v. BLAIR, Commissioner of Internal Revenue.**

**GOLLOBER v. SAME.**

Court of Appeals of District of Columbia.
Submitted March 9, 1928.  Decided
May 7, 1928.

Nos. 4636, 4637.

1. **Corporations ⬤614(7)—Decree of dissolution of corporation did not amount to judicial determination that all claims and demands against corporation were satisfied and discharged.**

Decree of dissolution of corporation pursuant to proceeding therefor in state court, reciting that all claims and demands against corporation had been fully satisfied and discharged, did not constitute a judicial determination of facts included within such recital, so as to preclude collateral attack, since all that was decreed judicially was dissolution of corporation.

2. **Internal revenue ⬤7(4)—Stockholder's income received in year following dissolution of corporation by reason of sale of assets was taxable as income for such year (Civ. Code Cal. § 400).**

Though, under Civ. Code Cal. § 400, title to assets of defunct corporation on its dissolution is vested in stockholders, the assets are in possession of trustees for purpose of payment of indebtedness and expenses, and stockholders' rights to property can only be measured when they are entitled to distribution; hence where affairs of corporation were closed and assets subject to distribution determined in year following dissolution of corporation, by reason of sale of assets to purchaser assuming liabilities, the income was received during such year and subject to taxation accordingly.

Appeals from Board of Tax Appeals.

Separate actions by David H. Blair, Commissioner of Internal Revenue, against the

Wells Fargo Bank & Union Trust Company and another, executors of Julius Gollober, and against Irving Gollober. From a decision in favor of the plaintiff, defendants appeal. Affirmed.

W. W. Spalding and C. R. McAtee, both of Washington, D. C., for appellants.

Mabel W. Willebrandt, Asst. Atty. Gen., and L. L. Hight, C. M. Charest, and A. W. Henderson, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from a decision of the United States Board of Tax Appeals in proceedings for the redetermination of deficiencies in income tax of the respective petitioners for the year 1920.

The Irving Gollober-Joseph Corporation was a California corporation with a capital stock of $50,000, of which Julius Gollober owned 2,448 of the 5,000 shares; Joseph Joseph, 1,400 shares; Irving Gollober, 1,050 shares and G. Rosencrantz and Ida Gollober, each 1 share. The five stockholders composed the board of directors. At a stockholders' meeting November 25, 1919, it was voted to dissolve the corporation. Proceedings for dissolution were brought in the superior court of California for the city and county of San Francisco, and a decree of dissolution obtained on December 30, 1919. On the following day the decree was filed with the secretary of state. Among other things, it was stated in the decree, as a fact authorizing a decree of dissolution, that all claims and demands against the corporation had been fully satisfied and discharged, with the further order that the board of directors were "authorized and empowered to settle all of the affairs of the said corporation, and to distribute and convey all the property and assets of said corporation to its stockholders in proportion to their respective interests."

On January 2, 1920, a meeting of the board of directors of the dissolved corporation was held, at which Joseph Joseph, Julius Gollober, and Irving Gollober, copartners under the firm name of Irving Gollober-Joseph Company, offered to purchase all of the assets of the corporation, agreeing to assume its liabilities and to pay the purchase price in installments. The offer was accepted by the directors, and in payment of the net assets purchased, amounting to $79,688.05, three notes were given, payable in three, six, and nine months, respectively, in the amount of $9,896.02 each, and one note, payable December 31, 1920, for $50,000, the notes to draw interest.

Appellants, in their income tax returns for 1920, made no return of income from the liquidation of the corporation. It is insisted that the assets of the corporation were turned over with the dissolution on December 30, 1919. The action here is to recover the tax upon appellants' income derived from the distribution of the assets as of the year 1920, on the theory that the corporate assets did not pass to the appellants as stockholders until the sale to the partnership on January 2, 1920. From the decision of the Commissioner, approved by the Board, holding the appellants liable for the 1920 tax, this appeal was taken.

Section 400 of the Civil Code of California provides: "Unless other persons are appointed by the court, the directors or managers of the affairs of a corporation at the time of its dissolution are trustees of the creditors and stockholders or members of the corporation dissolved, and have full powers to settle the affairs of the corporation, collect and pay outstanding debts, sell the assets thereof in such manner as the court shall direct, and distribute the proceeds of such sales and all other assets to the stockholders. Such trustees shall have authority to sue for and recover the debts and property of the corporation, and shall be jointly and severally personally liable to its creditors and stockholders or members, to the extent of its property and effects that shall come into their hands."

[1] It is contended by appellants that the recital in the decree of dissolution to the effect "that all claims and demands against said corporation, appellant, have been fully satisfied and discharged," amounts to a judicial determination, wihch could not be questioned collaterally. We are not impressed with this contention. What was decreed judicially was the dissolution of the corporation, and it cannot be said that a mere recital of a fact as a legal basis for the decree forecloses proof by extrinsic evidence of its verity.

The record discloses, and it was so found by the board, that at the time the decree of dissolution was entered the corporation had a large amount of debt outstanding. It appears that on that date the accounts payable of the corporation amounted to $30,475.95, and that there was due and unpaid on that date the federal income and profits taxes of the corporation for the year 1919, amounting to $8,330.37. Not only does it appear

that these liabilities were outstanding against the corporation on the date of the dissolution, but their existence was recognized in the sale of the assets to the partnership on January 2, 1920, when the partnership expressly assumed all outstanding liabilities and gave its notes in purchase of the net assets over and above the liabilities. These debts were not only recognized in the contract of purchase, but they were entered as liabilities on the books of the partnership.

[2] The California courts, construing section 400 of the Code, hold that the trustees have no legal title to the assets of the corporation, but that upon dissolution the legal title to the assets of the defunct corporation is vested in the stockholders. This, however, is not decisive of the exact time when the stockholder realizes his income from the corporation. The assets are held by the trustees in liquidation for the purpose of the payment of the indebtedness and the expenses incurred in closing up the affairs of the corporation. The assets are in possession of the trustees for that purpose, and may be used in part or in whole by the trustees, if necessary, in liquidation of the liabilities of the corporation. It logically follows that the stockholders' rights to the property of the defunct corporation can only be measured when the property to which they are entitled is subject to distribution, which cannot occur until the assets of the corporation have been collected and its indebtedness discharged. For the collecting of the assets the trustees are given full and complete power, even "to sue for and recover the debts and property of the corporation." During this period the directors, as trustees, have the exclusive possession of the property of the corporation, and the power to sell or dispose of it for the purpose of liquidating and settling the affairs of the corporation. When all this has been accomplished, and the residue of the property of the corporation, belonging to the stockholders, remains in the hands of the trustees, then, and not until then, are the stockholders entitled to the possession of the assets under distribution.

In the present case the liquidation of the debts of the corporation and the determination of the net assets belonging to the stockholders was determined through the sale of the assets to the partnership and the assumption of the liabilities by the partnership. This did not occur until January 2, 1920, and not until this date were the affairs of the corporation closed and the assets subject to distribution determined; and not until then did appellants derive their income from the dissolution of the corporation. It was, therefore, income received in the year 1920, and was subject to taxation as such for that year.

We have examined carefully the decisions of the California courts, construing section 400, supra, of the Civil Code, and we find nothing inconsistent with the conclusions herein expressed.

The decision of the Board is affirmed, with costs.